UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE PERRY,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | CASE NO. C25-5699JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant Safeway, Inc.'s ("Safeway") motion to continue trial and extend unexpired pretrial deadlines. (Mot. (Dkt. # 22).) Plaintiff Annette Perry opposes the motion. (Resp. (Dkt. # 25).) For the reasons set forth below, the court DENIES Safeway's motion.

## II. BACKGROUND

Safeway filed its motion on October 13, 2026—the parties' deadline for exchanging expert reports. (*See generally* Mot.; Sched. Order (Dkt. # 14).) It asks the

court to continue the trial date by four months, from April 26, 2027, to August 26, 2027, and extend the remaining pretrial deadlines accordingly. (*See generally* Mot.) Safeway asserts that there is good cause to grant the motion "to permit the parties to complete necessary fact discovery, collect and analyze material medical and prior treatment records, allow for informed expert opinions regarding medical causation and damages, [and] permit newly substituted defense counsel[1] to prepare the matter without avoidable prejudice." (*Id.* at 1-2.) It represents that it has not received underlying medical records or imaging necessary to determine the relationship between the injury at issue in this case and Ms. Perry's pre-existing conditions, including injuries she suffered in previous falls and complaints of back pain. (*Id.* at 2.) Safeway further argues that an extension is necessary because "meaningful settlement discussions will be difficult" before it completes its evaluation of Ms. Perry's medical records, takes her deposition, and obtains expert opinions. (*Id.* at 2-3.)

In response, Ms. Perry points out that (1) Safeway's claims administrator received medical records and bills from her treating providers in June 2025, before she filed suit; (2) she identified her providers in her October 2025 initial disclosures and January 2026 interrogatory answers; (3) she has repeatedly supplemented her production; and (4) she signed a stipulation in June 2026 authorizing Safeway's records service to collect her medical records directly from her providers. (*See* Resp. at 2-4; Clark Decl. (Dkt. # 25-1)

[1] The court granted the parties' stipulated motion to withdraw Safeway's prior counsel and substitute its current counsel on September 14, 2026. (*See* 9/14/26 Order (Dkt. # 16).) The parties did not request any modifications to the pretrial schedule in that stipulation. (*See id.*)

¶¶ 2-6.) On July 6, 2026, MultiCare Health System informed Safeway that it could not produce Ms. Perry's records because the authorization did not cover certain types of information. (Clark Decl. ¶ 6.) It was not until October 13, 2026, that Safeway sent Ms. Perry a revised MultiCare authorization. (*Id.* ¶ 9.) Safeway served a second set of discovery requests on October 15, 2026, in which it asks, for the first time, for Ms. Perry's providers' chart notes. (*Id.* ¶ 10.)

## III. ANALYSIS

The scheduling order provides that the case schedule may be modified "only upon good cause shown." (Sched. Order at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Good cause" focuses on the diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the moving party must demonstrate that, despite its diligence, it could not reasonably meet the deadlines imposed by the scheduling order. *Id.* If the party seeking the modification "was not diligent, the inquiry should end." *Id.* Diligence is lacking where a party has notice of the operative facts but waits months to act without adequate explanation. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277-78 (9th Cir. 2023); *see also Johnson*, 975 F.2d at 606-07, 610 (denying plaintiff's motion to extend the deadline to amend pleadings where defendant disclosed that it did not own the resort where plaintiff was injured three months before that deadline). Failure to complete discovery within the time allowed is not recognized as good cause. (Sched. Order at 2.)

Here, Safeway has failed to identify good cause that would warrant a four month trial continuance. Although it bases its motion on its asserted need for Ms. Perry's medical records, it had the information and authorizations it needed to obtain those records for months before it filed its motion, and has not explained why it delayed taking action. Accordingly, the court concludes that Safeway has not demonstrated that it was unable to comply with the scheduling order despite its diligence, *see Johnson*, 975 F.2d at 609, and denies Safeway's motion to continue.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Safeway's motion to continue trial and extend unexpired pretrial deadlines (Dkt. # 22).

Dated this 10th day of November, 2026.

JAMES L. ROBART
United States District Judge